IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FRANCISCO ROMERO, #R51352, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-02044-NJR |
| | ) | |
| SALVADOR GODINEZ, | ) | |
| DAVID GOMEZ, | ) | |
| MARCUS HARDY, | ) | |
| MICHAEL LEMKE, | ) | |
| MICHAEL MAGANA, | ) | |
| RICARDO TEJEDA, | ) | |
| ASSISTANT WARDEN LAMB, | ) | |
| WARDEN RANDY PFISTER, | ) | |
| GUY PIERCE, SR., | ) | |
| ASSISTANT WARDEN SHULL, | ) | |
| MICHAEL ATCHISON, | ) | |
| RICHARD HARRINGTON, | ) | |
| LT. DAVIS, | ) | |
| LT. ELBERSON, | ) | |
| LT. BERRY, | ) | |
| A. HALL, *Counselor,* | ) | |
| JERRY BALDWIN, | ) | |
| JILL HOSSELTON, | ) | |
| COUNSELOR GUTH, | ) | |
| COUNSELOR EILTS, | ) | |
| JOHN/JANE DOE, *Wardens*, | ) | |
| *ASSISTANT WARDENS OF PROGRAMS,* | ) | |
| and *ASSISTANT WARDEN OF* | ) | |
| *OPERATIONS DURING REVIEWS*, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Francisco Romero, an inmate of the Illinois Department of Corrections ("IDOC") currently at Menard Correctional Center ("Menard"), brings this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges his escape

1

classification as "extremely high escape risk" when he entered IDOC, and the continuation of that classification, was based on false information and punitive in violation of his Fourteenth and Eighth Amendment rights. (Doc. 1). Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The Complaint makes the following allegations: Plaintiff has been an IDOC inmate since March 2006; he has been incarcerated at Stateville Correctional Center ("Stateville"), Pontiac Correctional Center ("Pontiac"), and Menard Correctional Center ("Menard"). (Doc. 1, pp. 7-12). Specifically, Plaintiff's incarceration time at each facility is as follows:

- March 27, 2006 – March 25, 2008:  Stateville
- March 25, 2008 – March 25, 2009:  Pontiac
- March 25, 2009 – March 31, 2010:  Menard
- March 31, 2010 – March 22, 2011:  Stateville
- March 22, 2011 – April 5, 2011:  Pontiac
- April 5, 2011 – April 17, 2012:  Menard
- April 17, 2012 – December 1, 2012:  Stateville
- December 1, 2012 – December 13, 2013:  Menard
- December 13, 2013 –April 2, 2014:  Stateville
- April 2, 2014 – July 20, 2016:  Pontiac
- July 20, 2016 – present:  Menard

*Id.*

At the time Plaintiff entered IDOC in March 2006, his escape classification was "extremely

high escape risk," referred to as level E classification. (Doc. 1, p. 7). Plaintiff contends the level E classification was based on false information. *Id*. Despite Plaintiff's continued protests as to the false basis for the level E classification, and his repeated requests for reconsideration and reduction of that status, the level E classification was continued until April 2016. (Doc. 1, pp. 12, 30).

Plaintiff was classified extremely high escape risk based on an alleged escape from the Cook County Jail. (Doc. 1, pp. 7, 18). Plaintiff's IDOC records showed that he (and other inmates) hid in a laundry bin and escaped through the sally port. *Id*. According to prison officials, the alleged escape occurred on April 7, 2006. *Id*. On that date, however, Plaintiff was in the custody of IDOC and, therefore, he asserts it was not possible that he escaped that day. *Id*. On April 7, 2006, he was taken to Cook County Jail on a court writ, and IDOC maintained custody and returned him to Stateville without incident. (Doc. 1, pp. 7, 26, 30). Ten years later, in April 2016, during a grievance process, it was noted that the escape date of April 7, 2006 was inaccurate.[1]

During his first incarceration at Stateville, Plaintiff requested a reduction in his escape risk classification; he was told it would be reduced if his escape charge was dismissed. (Doc. 1, p. 7). When the charge was dismissed, Plaintiff's attorney notified a prison official, but Plaintiff's request for reduction was denied. *Id*. Plaintiff was advised that it did not matter if he was found not guilty of escape by a court of law, the escape risk decision was based on information about the escape in IDOC records. (Doc. 1, p.18). Thereafter, Plaintiff sought reduction based on the fact that the escape allegations were false because he was indisputably in IDOC custody on April 7, 2006. (Doc. 1, pp. 7-12, 21, 26-28, 30-32).

Plaintiff claims the initial level E classification, and the continuation of that classification,

---

[1] It is noted in Plaintiff's grievance documents attached to the Complaint that the date of escape was not April 7, 2006, but instead it occurred in February 2006. (Doc. 1, p. 26). Plaintiff was in custody at the Cook County Jail from July 8, 2001, until he was transferred to IDOC custody on March 27, 2006. *Id*.

based on false information violated his due process rights. (Doc. 1, pp. 14-15). Further, he alleges the refusal to reduce his classification despite knowledge that it was based on false information was punitive in violation of his Eighth Amendment rights. (Doc. 1, p. 15). Plaintiff contends Defendants knew he was in IDOC custody on April 7, 2006 but refused to rectify his level E classification. (Doc. 1, p. 14). Plaintiff states he was made to endure "atypical and significant hardship as opposed to the regular incident of prison life." (Doc. 1, pp. 14-15). Specifically, he alleges that because of the level E classification:

(1) He was subject to greater scrutiny from staff including "required pat downs."

(2) He was given a level E number which had to be recited along with his prisoner number at all counts, which were conducted daily at 7am, 11am, 3pm, 8pm, 11pm, and 3:30am, making sleep all but impossible.

(3) At Pontiac and Stateville, he was moved every 90 days and at Menard it was every 30 days.

(4) He was subjected to shakedown 1-2 times per week and his property, and his cellmate's property was thrown about.

(5) He was transferred every year and those transfers deprived him of his property prior to the transfer and for a period of time after the transfer.

(6) A high degree of scrutiny caused delay to incoming and outgoing mail, frustrating communication with friends and family.

(7) All visits were no-contact behind glass denying contact with loves ones and there was less time allotted per visit. Plaintiff was denied contact with son during his formative years when paternal contact is vital.

(Doc. 1, pp. 13-14).

On April 13, 2016, Plaintiff's classification was lowered to high escape risk. *Id*. On September 24, 2017, Plaintiff filed his Complaint alleging the level E classification violated his constitutional rights. (Doc. 1, p. 16).

4

## Preliminary Dismissal

Plaintiff's claim against former IDOC Director Salvador Godinez will be dismissed because there are no allegations against him in the body of the Complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Also, Godinez cannot be held liable for the alleged violation of Plaintiff's constitutional rights based on his position as an IDOC Director. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001) (doctrine of *respondeat superior* does not apply to section 1983 actions).

## Designation of Counts

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1:** Defendants violated Plaintiff's constitutional rights under the Fourteenth Amendment by classifying him as extremely high escape risk based on false information.

**Count 2:** Defendants violated Plaintiff's constitutional rights under the Eighth Amendment by wrongfully classifying him as extremely high escape risk and/or failing to correct that wrongful classification.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly*[2] pleading standard.

## Discussion

*Count 1*

Plaintiff claims he was wrongly classified as extremely high escape risk ("level E") based

---

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

on false information that he escaped from the Cook County Jail on a date when he was in IDOC custody. He alleges prison officials at each facility where he was incarcerated from March 27, 2006 to April 13, 2016 violated his constitutional rights by classifying him as level E, continuing the classification, and refusing to rectify that situation when they knew the alleged escape could not have occurred on the date alleged. He asserts due process and deliberate indifference claims against Defendants for ten periods of incarceration.[3]

Plaintiff has no viable due process claim under 42 U.S.C. § 1983 with respect to his escape risk classification. When a plaintiff brings an action under Section 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). In order for the due process clause to apply, there must be a protected liberty interest that is being infringed upon. *Meachum v. Fano*, 427 U.S 215, 223-24 (1976). It is well-settled that an inmate does not have a protected interest in a particular classification by operation of the due process clause. *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments.") (internal citations omitted); *see also Ollie v. IDOC*, No. 15-CV-1313-SMY, 2016 WL 51406, at *5 (S.D. Ill. Jan. 5, 2016) ("It is well established that no constitutional violation occurs when a prisoner is improperly classified."); *Fields v. Cartwright*, No. 13-cv-01305-JPG, 2014 WL 201531, at *2 (S.D. Ill. Jan. 17, 2014) ("No constitutional claim arises from Plaintiff's reclassification as a "high" escape risk."); *Siddiqui v. Lane*, 763 F.Supp. 284, 285-86 (N.D. Ill. 1991) ("It is a well-settled principle that an inmate has no constitutional right to a particular security classification status.") (internal

---

[3] Plaintiff also alleges a claim for "indemnification." It is not a separate claim. but instead, is a request that IDOC pay compensatory damages for its employees in the event of a judgment.

citations omitted); *Jones v. Stateville Penitentiary*, No. 87C7792, 1988 WL 79645, at *1 (N.D.Ill. 1988) ("[a] resident of a correctional institution has no constitutional right to a particular classification status")).

Additionally, the Seventh Circuit has recognized that a prisoner "does not possess sufficient statutory or constitutional entitlement in his classification or eligibility for institutional programs to trigger due process protection." *Solomon v. Benson*, 563 F.2d 339, 342 (7th Cir. 1977) (citing *Moody v. Daggett*, 429 U.S. 78, 88, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976)). The *Solomon* court held that an inmate who sought to challenge his classification as a "special offender" had no right to procedural due process, notwithstanding the adverse effects on his eligibility for transfers, furloughs, and minimum security programs. *Solomon*, 563 F.2d at 343 (overruling in part *Holmes v. U. S. Bd. of Parole*, 541 F.2d 1243 (7th Cir. 1976)).

A liberty interest in classification may arise if state law or prison regulations create such a right. Even if state law creates such a right, however, it does not create a liberty interest protected by the due process clause unless restraint of that right "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). Plaintiff has not alleged a factual basis for plausibly finding that his level E classification involved atypical and significant hardship. Instead, Plaintiff alleges inconveniences that relate to the ordinary incidents of prison life.

*Count 2*

Although Plaintiff is precluded from attacking the classification decision *per se*, he may challenge the conditions of his confinement resulting from that classification. *See Meriwether v. Faulkner*, 821 F.2d 408, 415 n. 7 (7th Cir. 1987). Here, the Complaint fails to sufficiently allege that the wrongful classification created an unconstitutional condition of confinement. The

7

inconveniences he describes fall short of stating a constitutional deprivation cognizable under the Eighth Amendment. Thus, to the extent he is attempting to pursue an Eighth Amendment claim, the claim fails.

Normally, the Court would allow Plaintiff leave to amend with respect to the Eighth Amendment claim. But here, leave to amend would be futile because any Eighth Amendment claim is barred by the statute of limitations. Although typically affirmative defenses such as filing after the statute of limitations are litigated by the parties after service, *see Jones v. Bock*, 549 U.S. 199, 212 (2007), a court may invoke these defenses on Section 1915A review when the availability of the defense is apparent on the face of the Complaint. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002); *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992).

Section 1983 suits in Illinois have a two-year statute of limitations. *Johnson v. Rivera,* 272 F.3d 519, 521–22 (7th Cir.2001). Under federal law, a Section 1983 claim accrues "when the plaintiff has a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The two-year statute of limitations, however, is tolled while a prisoner exhausts his administrative remedies. *Johnson*, 272 F.3d at 519. As is relevant here, administrative remedies are deemed exhausted when a prisoner receives the relief he is requesting. *Thornton v. Snyder*, 428 F.3d 690, 695-96 (7th Cir. 2005) ("Once a prisoner has won all the relief that is available under the institution's administrative procedures, his administrative remedies are exhausted.").

In this case, Plaintiff's administrative remedies were exhausted–at the latest–on April 13, 2016, when his escape risk classification was revised.[4] Thus, any tolling pertaining to the

---

[4] Plaintiff's claims cover ten years and ten separate incarcerations during which he had a level E classification. The Seventh Circuit has acknowledged that transfer to a different correctional institution *may* render the grievance process unavailable. *See, e.g., Flournoy v. Schomig*, 152 F. App'x 535, 537 (7th Cir. 2005) (acknowledging that "movement out of an institution may render grievance procedures unavailable if the change in custody status effectively terminates

8

administrative grievance process ended (and the limitations period began to run) on April 13, 2016. Plaintiff did not file suit until September 24, 2018. (Doc. 1, p. 16). Accordingly, Plaintiff's claims regarding his escape risk classification are time-barred.

## Motion for Appointment of Counsel

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 4), which will be denied as moot.

## Disposition

**IT IS HEREBY ORDERED** that the Motion for Appointment of Counsel (Doc. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that that the Complaint is dismissed with prejudice for failure to state a claim upon which relief can be granted and on statute of limitations grounds. This dismissal shall count as a strike under 28 U.S.C. § 1915(g).

The Clerk of Court is **DIRECTED** to close this case and enter judgment.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(A)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and

---

the administrative process"). Thus, it is possible that each time Plaintiff was transferred to a new facility the limitations period began to run for violations allegedly occurring at that facility. For purposes of this analysis, however, the Court assumes the latest possible accrual date (April 13, 2016) for all of Plaintiff's claims.

timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: February 26, 2019**

**NANCY J. ROSENSTENGEL**
**United States District Judge**